PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALEXANDER HARDEN,                    )
                                     )     CASE NO.  4:20CV1607
                 Petitioner,         )
                                     )     JUDGE BENITA Y. PEARSON
       v.                            )
                                     )
MARK WILLIAMS, Warden, *et al.*,     )     **MEMORANDUM OF OPINION**
                                     )     **AND ORDER**
                 Respondents.        )     [Resolving ECF No. 2]


**I.**

*Pro Se* Petitioner Alexander Harden, an inmate at the Federal Correctional Institution in

Elkton, Ohio ("FCI Elkton"), filed a Petition for a Writ of Habeas Corpus under 28 U.S.C.

§ 2241 (ECF No. 1) in the above-entitled action.  Petitioner seeks immediate release to home

confinement on the basis that Respondents Mark Williams, the Warden at FCI Elkton, and

Michael Carvajal, the Director of the Federal Bureau of Prisons ("BOP"), are failing to provide

him adequate protection from COVID-19 in violation of his rights under the Eighth Amendment.

**II.**

Pending is Petitioner's Motion to Substitute Amended First Page (ECF No. 2).  For good

cause shown, the motion is granted.  ECF No. 2-1 is hereby substituted for ECF No. 1 at PageID

#: 1.

(4:20CV1607)

### III.

Promptly after the filing of a habeas corpus petition, a federal district court must

undertake a preliminary review of the petition to determine "[i]f it plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief" in the district court.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to §

2241 petitions pursuant to Rule 1(b)).  If so, the petition must be summarily dismissed.  *See Allen*

*v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" any

habeas corpus petition which lacks merit on its face).  No response is necessary when a petition

is frivolous, obviously lacks merit, or where the necessary facts can be determined from the

petition itself without consideration of a response.  *Id.*  Upon review, the Court finds that the

instant Petition (ECF No. 1) must be dismissed.

### IV.

Prison conditions are subject to constitutional scrutiny under the Eighth Amendment, but

in order to make out a claim, a prisoner must demonstrate both objective and subjective

components.  *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020).  A prisoner must show that

he was subjected to an objectively serious prison condition to which a defendant prison official

acted with subjective "deliberate indifference."  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The subjective component of a claim requires a prisoner to show that a prison official "knows

that inmates face a substantial risk of serious harm and disregards that risk by failing to take

reasonable measures to abate it."  *Id.* at 847.  An official may not be held liable if she responded

reasonably to a known risk, even if the harm ultimately were not averted.  *Id.* at 826.

(4:20CV1607)

In *Wilson*, the Sixth Circuit examined the conditions at FCI Elkton in the context of a § 2241 action and concluded that a class of medically-vulnerable inmates was not likely to succeed on the merits of an Eighth Amendment claim based on COVID-19 circumstances. 961 F.3d at 844.  The Sixth Circuit held that the BOP "responded reasonably to the known, serious risks posed by COVID-19 to petitioners at Elkton," and, therefore, the inmates could not demonstrate the required deliberate indifference to meet the subjective element of their claim. *Id.* at 840.  The Court found that the BOP's "failure to make robust use of transfer, home confinement, or furlough" – as Petitioner seeks in the case at bar – for prisoners at Elkton, including medically-vulnerable inmates, did not constitute deliberate indifference within the meaning of the Eighth Amendment "[i]n light of the BOP's other measures to prevent the spread of COVID-19, and given the limitations on the BOP's authority to release inmates." *Id.* at 844. The Court also found the district court abused its discretion in granting a preliminary injunction without addressing the BOP's "legitimate concerns about public safety" regarding whether inmates could care for themselves upon release, and whether they presented a substantial risk to the general public without assurance they had a safe place to go if released. *Id.* at 844-45.

In light of the Sixth Circuit's decision in *Wilson*, the Petition (ECF No. 1), which asserts the same claim on similar allegations, lacks merit on its face.  The Court finds the Petition (ECF No. 1) does not allege a colorable claim of deliberate indifference under the Eighth Amendment because the Sixth Circuit has already considered an essential part of Petitioner's claim in a case against the same Respondents named herein – based on the same facts alleged in this Petition (ECF No. 1) – and published an opinion holding that Respondents would likely prevail.

3

(4:20CV1607)

## V.

Accordingly, Petitioner's Motion to Substitute Amended First Page (ECF No. 2) is

granted, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied, and

this action is dismissed pursuant to 28 U.S.C. § 2243.  Furthermore, the Court certifies, pursuant

to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


  February 8, 2021                           /s/ Benita Y. Pearson
Date                                 Benita Y. Pearson
                                     United States District Judge

4